**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| DINAH YUKICH<br>c/o JESSICA P. WEBER<br>BROWN, GOLDSTEIN & LEVY, LLP<br>120 E. BALTIMORE ST., SUITE 2500<br>BALTIMORE, MD 21202<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES FENCING ASSOCIATION<br>210 USA CYCLING POINT, SUITE 120<br>COLORADO SPRINGS, CO 80919<br><br>JESSICA SAXON<br>85 BOSTON ROAD<br>PENNSVILLE, NJ 08070<br><br>*Defendants*. | Case No: |

## NOTICE OF REMOVAL

Petitioners/Defendants, United States Fencing Association (also known as USA Fencing) ("USAF"), and Jessica Saxon ("Saxon"), collectively, "Defendants," pursuant to 28 U.S.C. §§ 1441, *et seq.*, file this Notice of Removal of this action from the Circuit Court for Prince George's County, Maryland, in which it is now pending, to the United States District Court for the District of Maryland. In support of this Notice, Defendants state:

## I. PROCEDURAL REQUIREMENTS FOR REMOVAL

1. On July 9, 2020, Plaintiff, Dinah Yukich, filed a Complaint in the Circuit Court for Prince George's County, entitled *Dinah Yukich v. USA Fencing, et al.*, Case No. C-16-CV-26-004174, against USAF and Saxon. *See* Writ of Summons, Complaint and Case Information Sheet, attached as **Exhibit A**.

2. USAF was served on July 20, 2026. Saxon was served on July 28, 2026.

3. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal has been timely filed within 30 days after receipt of the Complaint by the USAF and Saxon.

4. By removing, Defendants do not admit any of the allegations in Plaintiff's Complaint and do not waive any rights or defenses available to it, including its right to move to dismiss or stay for lack of jurisdiction or because the claims are subject to an arbitration agreement.

5. Defendants specifically reserve all defenses and objections under Federal Rule of Civil Procedure 12.

6. Defendants respectfully requests the opportunity to fully brief any issues raised as to the propriety of removal.

7. Upon the filing of the Notice of Removal, Defendants will furnish written notice to Plaintiff's counsel and will file and serve a copy of this Notice with the Clerk of the Maryland Circuit Court, pursuant to 28 U.S.C. § 1446(d).

8. Defendants reserves the right to amend or supplement this Notice.

## II. FIRST BASIS FOR REMOVAL – DIVERSITY JURISDICTION

9. This action is properly removable under 28 U.S.C. § 1441(a), because the United States District Court has original jurisdiction in this case under 28 U.S.C. § 1332(a), which provides that "[t]he district courts shall have original jurisdiction in all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different states…"

10. According to the Complaint, Plaintiff was and is a citizen and resident of the State of Maryland. *See* **Exhibit A** at ¶ 11.

11. At the time of the filing of the Complaint and at the present time, defendant USAF has a principal place of business at 210 USA Cycling Point, Suite 120, Colorado Springs, Colorado

80919. *Id*. at ¶ 15. Although not plead in the Complaint, USAF is a Colorado nonprofit corporation. *See* Colorado Secretary of State Info for United States Fencing Association, attached as **Exhibit B**. Therefore, USAF is a citizen of Colorado.

12. Although not specifically plead in the Complaint, Saxon is a resident of New Jersey. *See* **Exhibit A**.

13. Accordingly, complete diversity of citizenship exists between Plaintiff, USAF and Saxon.

14. In the Complaint, Plaintiff asserts a claim for violation of the Prince George's County Code § 2-186, *et seq*. (the "PGCC"), prohibiting discrimination in public accommodations. PGCC § 2-186(a)(6). More specifically, Plaintiff asserts a claim of public accommodation discrimination on the basis of her "gender identity, personal appearance, and sex." *See* Exhibit A at ¶ 65. Plaintiff further alleges that she suffered compensatory damages (including emotional distress damages), punitive damages, attorneys' fees, costs of suit, and interest. *Id*. at ¶¶ 66-68, Relief Sought section.

15. Plaintiff does not state the amount in controversy with specificity. Rather, Plaintiff alleges that her compensatory and punitive damages exceed the sum or value of $30,000. *See* Exhibit A, "RELIEF SOUGHT" at p. 12. This does not comply with the Maryland Rules, which require that "a demand for money judgment that does not exceed $75,000 shall include [in the complaint] the amount of damages sought…" Md. Rule 2-305(b)(1).

16. However, the Civil Case Information Sheet states Plaintiff seeks monetary damages, exclusive of attorneys' fees, interest and court costs, between "30,000 - $100,000" and "Over $100,000." *See* **Exhibit A**, Civil Case Information Sheet.

17. Based upon the nature of the allegations and the relief sought in the Complaint and the Civil Case Information Sheet, the amount in controversy exceeds $75,000, exclusive of interest and costs.

## III. SECOND BASIS FOR REMOVAL – FEDERAL QUESTION JURISDICTION

18. Plaintiff's Complaint challenges USAF's enforcement of athlete eligibility rules governing participation in sanctioned fencing competitions, including the Cherry Blossom Open held from March 12 through March 14, 2026 at the University of Maryland. *See* **Exhibit A** at ¶ 39. USAF is the National Governing Body ("NGB") for fencing, recognized by the United States Olympic and Paralympic Committee ("USOPC") under the Ted Stevens Olympic and Amateur Sports Act, 36 U.S.C. §§ 220501-220529 ("Ted Stevens Act").

19. Plaintiff's claim necessarily challenges USAF's federally mandated eligibility rules, USAF's statutory obligations as an NGB, and the USOPC's authority under federal law. These issues arise directly under the Ted Stevens Act. Accordingly, it is respectfully submitted that removal of the action is proper because Plaintiff's claim raises substantial federal questions.

20. The Ted Stevens Act establishes the exclusive federal framework for Olympic and amateur sports governance. 36 U.S.C. §§ 220501-220529. The Ted Stevens Act grants the USOPC exclusive authority to recognize NGBs to adopt and enforce eligibility rules consistent with USOPC policies. 36 U.S.C. §§ 220521-220522.

21. Plaintiff's Complaint expressly alleges that USAF implemented its Transgender & Non-Binary Athlete Eligibility Policy (the "Policy") because the USOPC approved it, quoting Saxon's July 28, 2025, communication to Plaintiff "[b]ecause [the Policy] has been approved by the USOPC, your [complaint] does not allege a violation…" *See* Exhibit A at ¶ 36. Therefore,

Plaintiff's claim that she was denied eligibility to compete against women requires interpretation of federal statutory duties imposed on USAF.

22. Disputes involving NGB eligibility rules arise under federal law because they implicate the Ted Stevens Act. *Slaney v. Int'l Amateur Athletic Fed'n*, 244 F.3d 580, 595-96 (7th Cir. 2001) (holding that the Ted Stevens Act creates a comprehensive federal scheme governing amateur sports and athlete eligibility); and *Behagen v. Amateur Basketball Ass'n*, 884 F.2d 524, 529 (10th Cir. 1989) (recognizing federal jurisdiction where claims implicate the USOPC's statutory authority).

23. These cases establish that athlete eligibility disputes involving NGBs fall within federal jurisdiction because they arise under the Ted Stevens Act. In the case at bar, Plaintiff by her own admissions is challenging the federally mandated eligibility requirements to participate in a USAF event.

24. Even though Plaintiff pleads a claim pursuant to a Prince George's County statute, removal is proper where local claims necessarily depend on resolution of substantial federal questions. *Grable and Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005). Plaintiff's local statute claim cannot be adjudicated without determining whether (a) USAF's eligibility rules were mandated by the USOPC under federal law; (b) whether USAF was federally obligated to enforce those rules; and (c) whether local law liability may be imposed for conduct required by federal statute. The resolution of those issues will require a resolution of a substantial federal question under the Ted Steven Act and removal is proper. *Gunn v. Minton*, 568 U.S. 251.

## IV. <u>CONCLUSION</u>

25. The above-entitled action is one in which this Court has original jurisdiction pursuant to 28 U.S.C. §§1331, 1332.

26. Defendants seek to remove this action to this Court pursuant to 28 U.S.C. §1441.

27. To date, Defendants have not filed a responsive pleading in Plaintiff's state court action, and no other proceedings have transpired in that action.

28. Pursuant to 28 U.S.C. § 1446, copies of all pleadings and papers served on Defendants consisting of (1) Writ of Summons, (2) Complaint and (3) Civil Case Information Sheet are attached as **Exhibit A**.

29. By removing this matter, Defendants do not waive or intend to waive any defense.

WHEREFORE, Defendants, United States Fencing Association and Jessica Saxon, respectfully requests that the above-entitled action be removed from the Circuit Court for Prince George's County, Maryland to the United States District Court for the District of Maryland.

Respectfully submitted,

/s/ Imoh E. Akpan

Imoh E. Akpan (#30070)
Andrea Olsen-Leyden (#21193)
Goldberg Segalla, LLP
111 South Calvert Street, Suite 2000
Baltimore, MD 21202
Ph: (443) 615-7516
Fx: (443) 615-7599
iakpan@goldbergsegalla.com
aolsenleyden@goldbergsegalla.com
*Attorneys for United States Fencing Association a/k/a as USA Fencing and Jessica Saxon*

Dated: August 19, 2026